IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY LEE GRIMM #332-809
         Plaintiff         :

   v.         :   CIVIL ACTION NO. RWT-06-2627

MEDICAL DEPARTMENT MCI-H   :
         Defendant

## MEMORANDUM

Gary Lee Grimm, an inmate at the Maryland Correctional Institution in Hagerstown, filed this pro se Complaint on October 5, 2006, against the Medical Department at that correctional facility.[1] Grimm has also filed a motion for leave to proceed in forma pauperis which shall be granted.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. See Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (June 22, 2006) (exhaustion of administrative remedies is mandatory and must be proper); Porter v. Nussle, 534 U.S. 516, 542 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). Having reviewed the Complaint, the Court concludes that it would be appropriate in the interest of justice and to promote the speedy resolution of this action for Plaintiff to demonstrate complete exhaustion of administrative procedures as set forth in DCD 185-001, et seq. The court is of the view that, in this case, the administrative procedures set forth in DCD 185-001, et seq., will aid the Court in making factual determinations and that the delay involved will not unduly burden or prejudice

---

[1] Plaintiff generally indicates that he was attacked on May 2, 2006, by another inmate and was taken to the prison hospital for treatment. The exact nature of his complaint is unclear.

Plaintiff's rights. Upon submission of evidence that administrative remedies have been exhausted, Plaintiff may re-file this cause of action for the court's consideration.

Accordingly, a separate Order shall be entered granting Plaintiff leave to proceed in forma pauperis, but dismissing his cause of action without prejudice to allow him to exhaust administrative remedies properly pursuant to 42 U.S.C. § 1997e. Plaintiff may re-file his action after he has exhausted his administrative remedies through the institutional (Warden) and Division of Headquarters (Commissioner) levels.

Date: 10/17/06

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE